■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GEER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel. From our review of the evidence, the law, and the circumstances of the case, we conclude that defendant's attorney provided meaningful representation (see, People v Baldi, 54 NY2d 137, 147). Defendant further contends that his conviction of unlawful imprisonment in the second degree was barred by the merger doctrine. Because that contention was not raised before County Court, it has not been preserved for our review (see, CPL 470.05 [2]; People v McNamara, 186 AD2d 984; People v Salimi, 159 AD2d 658, lv denied 76 NY2d 742), and we decline to reach it as a matter of discretion in the interest of justice (see, CPL 470.15 [6]).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Ontario County Court, Wisner, J.—Unlawful Imprisonment, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.

■ KEVIN BROWN et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Appellant.—Order unanimously affirmed with costs. Memorandum: While working in a boiler at the Niagara Mohawk Steam Station in Dunkirk, plaintiff Kevin Brown was injured when descending a ladder from the third to the second tier of scaffolding. The record shows that, as plaintiff swung his legs onto the second tier, the toe plate of the scaffolding came loose, he lost his balance and fell. Plaintiff saved himself from falling to the ground, a distance of 16 to 20 feet, by grabbing the ladder one or two rungs below, causing him to injure his back. Supreme Court properly held that Labor Law § 240 (1) applies (see, Aruck v Xerox Corp., 144 Misc 2d 367, 372, affd 166 AD2d 907; see also, Pietsch v Moog, Inc., 156 AD2d 1019). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.