■ MICHAEL L. SMITH et al., Appellants-Respondents, v ARTCO INDUSTRIAL LAUNDRIES, INC., Respondent-Appellant and Third-Party Plaintiff-Appellant. SPRING SHEET METAL & ROOFING CO., INC., Third-Party Defendant-Respondent. [635 NYS2d 884] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying plaintiffs' motion for partial summary judgment on Labor Law § 240 (1) liability. Michael L. Smith (plaintiff), a welder, was injured when he slid down a laundry chute. The court properly determined that the work involved a risk related to differences in elevation under Labor Law § 240 (1) *(see, Madigan v United Parcel Serv.,* 193 AD2d 1102, 1103; *see generally, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487). It is of no consequence that plaintiff allegedly sustained injuries as he prevented himself from falling further *(see, Manning v Town of Lewiston,* 191 AD2d 1035; *Brown v Niagara Mohawk Power Corp.,* 188 AD2d 1014). The court also properly determined that the installation of the laundry chute was an alteration of the premises covered by the Labor Law *(see, Golda v Hutchinson Enters.,* 219 AD2d 802; *Ferrari v Niasher Realty,* 175 AD2d 591). The court erred, however, in finding a question of fact whether defendant Artco Industrial Laundries, Inc. (Artco) was an agent of the owner of the premises. The evidence established that Artco contracted with plaintiff's employer on behalf of the owner, and thus is

within the purview of the statute *(see, Madigan v United Parcel Serv., supra,* at 1103).

The court properly denied Artco's cross motion for partial summary judgment on common-law indemnification against plaintiff's employer, because plaintiff's employer submitted evidentiary proof in admissible form to show the existence of a material issue of fact. The deposition testimony of plaintiff, submitted by plaintiff's employer in opposition to the cross motion, indicated that an Artco employee assisted plaintiff by operating the forklift that supported the bottom of the laundry chute, and provided the rope that plaintiff was using as a sling when he fell. That testimony raises a question of fact concerning Artco's authority to control the activity that brought about the injury *(see, Stevanoff v Boys & Girls Club,* 191 AD2d 1037).

We modify the order on appeal, therefore, by granting plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1). (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Labor Law.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.