■ PATRICK FOSTER, Appellant, v RAYMOND B. ABRAMS et al., Defendants, and GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Respondents. (Appeal No. 2.) [665 NYS2d 375] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ ROBERT E. GEORGE, Respondent, v HUBER HUNT & NICHOLS, INC., Appellant. [662 NYS2d 898] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action and properly granted plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiff, working at a height of 20 feet, was injured when he attempted to move from a vertical column to a horizontal beam. After falling approximately three feet, he saved himself from falling further by grabbing the bottom flange of the horizontal beam. Plaintiff dangled in the air, holding the beam with one hand, until he was able to maneuver himself back to the vertical column and then to the ground below. The court properly found that the work involved a risk related to differences in elevation under Labor Law § 240 (1) (*see, Smith v Artco Indus. Laundries,* 222 AD2d 1028; *Brown v Niagara Mohawk Power Corp.,* 188 AD2d 1014). "It is of no consequence that plaintiff allegedly sustained injuries as he prevented himself from falling further" (*Smith v Artco Indus. Laundries, supra,* at 1028). Likewise, the court properly denied defendant's motion with respect to Labor Law § 241 (6); plaintiff alleged a violation of 12 NYCRR 23-1.7 (d), which sets forth a specific standard of conduct (*see, Ramski v Zappia Enters.,* 229 AD2d 990; *Ciraola v Melville Ct. Assocs.,* 221 AD2d 582; *see generally, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). That subdivision "contain[s] 'specific, positive command[s]' that surpass the 'routine incorporation of the ordinary tort duty of care into the Commissioner's regulations'" (*Colucci v Equitable Life Assur. Socy.* 218 AD2d 513, 515). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ ESTELLA N. EVANS, Respondent, v JAMES H. EVANS, JR., Appellant. (Appeal No. 1.) [665 NYS2d 373] —Appeal unanimously dismissed without costs (*see, Matter of Chendo O.,* 175 AD2d 635). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Contempt.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.