■ WILLIAM MOORE, Respondent, v ELMWOOD-FRANKLIN SCHOOL, Appellant. [672 NYS2d 221] —Order reversed on the law without costs, motion denied, summary judgment granted to defendant and third cause of action dismissed. Memorandum: Plaintiff was straddling the peak of a roof when his foot slipped and he slid several feet down the roof before his fall was stopped. Plaintiff sustained severe burns during the fall when hot tar that he had been pouring spilled on him. Supreme Court granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1). That was error.

Although plaintiff was working at an elevated worksite, plaintiff's slide several feet down the roof is not the type of hazard contemplated by Labor Law § 240 (1) (*see, Doty v Eastman Kodak Co.*, 229 AD2d 961, *lv dismissed in part and denied in part* 89 NY2d 855; *see also, Williams v White Haven Mem. Park*, 227 AD2d 923). Because the underlying facts are not in dispute, the issue of liability under Labor Law § 240 (1) may be decided as a matter of law. We therefore grant summary judgment to defendant dismissing the third cause of action (*see,* CPLR 3212 [b]).

All concur except Lawton, J., who dissents and votes to affirm in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. Plaintiff, while carrying two five-gallon mop buckets of hot tar, was straddling the peak of a roof approximately 25 feet above the ground when his foot slipped and he fell from the peak several feet down the roof. As a result, plaintiff received severe burns and other injuries. Contrary to the holding of the majority, it is not necessary for plaintiff to have fallen off the roof to be entitled to

the protection afforded by Labor Law § 240 (1) (*see, Brown v Niagara Mohawk Power Corp.*, 188 AD2d 1014). Because plaintiff was working at an elevated worksite when he fell from the peak and was thus exposed to the type of hazard that the use of safety devices enumerated in Labor Law § 240 (1) was designed to protect against, Supreme Court properly imposed absolute liability under that section (*see, Norton v Bell & Sons*, 237 AD2d 928; *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003; *Brown v Niagara Mohawk Power Corp.*, *supra; Pietsch v Moog, Inc.*, 156 AD2d 1019, 1020). In my view, the injury producing event (i.e., falling from the peak of a roof) is the type of special elevation-related hazard to which Labor Law § 240 (1) applies (*cf., Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491, *rearg denied* 87 NY2d 969; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501). Consequently, I would affirm. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio and Boehm, JJ.