■ ROBERT STRIEGEL, Respondent, v HILLCREST HEIGHTS DEVELOPMENT CORPORATION, Defendant and Third-Party Plaintiff-Respondent. SAHLEM's ROOFING & SIDING, INC., Third-

Party Defendant-Appellant. [698 NYS2d 379] —Order affirmed without costs. Memorandum: Plaintiff was injured when he slid 25 to 30 feet down a frost-covered plywood roof, from the peak to the eave, while attempting to unload felt at the peak of the roof. Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1). The test for determining whether Labor Law § 240 (1) applies is whether the manner of injury is "the type of hazard that Labor Law § 240 (1) was designed to protect against" (*Doty v Eastman Kodak Co.*, 229 AD2d 961, *lv dismissed in part and denied in part* 89 NY2d 855; *see, Moore v Elmwood-Franklin School*, 249 AD2d 923, *lv denied* 92 NY2d 1001). The contemplated hazards of Labor Law § 240 (1) are those "directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501) or those "related to the effects of gravity" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Defendant provided no roof brackets, toe boards, safety lines, belts or other safety devices. Plaintiff was prevented from falling off the roof only because nails on the roof snagged his pants and stopped him. Plaintiff's slide down the roof was caused by the effects of gravity and is the type of hazard contemplated by Labor Law § 240 (1). *Moore v Elmwood-Franklin School* (*supra*) is not to the contrary. There the plaintiff slid several feet down a roof, but his injury was caused by his contact with hot tar. In *Doty v Eastman Kodak Co.* (*supra*), the plaintiff slipped on a sloped roadway as she was trying to slide down the embankment.

All concur except Hayes and Balio, JJ., who dissent in part and vote to modify in the following Memorandum.

Hayes and Balio, JJ. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court erred in granting that part of plaintiff's motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff's slide down the roof, rather than off the roof, is not the type of hazard that Labor Law § 240 (1) was designed to protect against (*see, Moore v Elmwood-Franklin School*, 249 AD2d 923, *lv denied* 92 NY2d 1001; *Doty v Eastman Kodak Co.*, 229 AD2d 961, *lv dismissed in part and denied in part* 89 NY2d 855). We therefore would modify the order by denying that part of plaintiff's motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) and granting that part of defendant's cross motion seeking summary judgment dismissing that claim. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary

Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.