■ GREGORY J. LACEY et al., Respondents, v TURNER CONSTRUCTION Co. et al., Appellants, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CROWN WATERPROOFING, INC., Third-Party Defendant-Appellant. [713 NYS2d 207] —In an action to recover damages for personal injuries, etc., the defendants Turner Construction Co. and New York City School Construction Authority, and the defendant third-party plaintiff Board of Education of the City of New York, appeal, and the third-party defendant Crown Waterproofing, Inc., separately appeals, as limited by their respective briefs, from so much of an interlocutory judgment of the Supreme Court, Queens County (Weiss, J.), entered May 28, 1999, as upon an order of the same court entered May 15, 1999, granting the plaintiffs' motion for partial summary judgment against them on the cause of action to recover damages under Labor Law § 240 (1), is in favor of the plaintiffs and against them on the issue of liability on that cause of action.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

In the course of his employment, the injured plaintiff (hereinafter the plaintiff) was standing on an extension ladder when the ladder lost contact with the building wall against which it was leaning, and turned sideways. The plaintiff managed to turn the ladder back against the wall; however, in doing so he ruptured a disk in his back. It is undisputed that the ladder was not secured.

Labor Law § 240 (1) states that the owner, contractor, or their agents are liable for a laborer's injuries if the protective devices supplied to him or her, such as a ladder, were not "constructed, placed, and operated as to give proper protection to a person so employed". If the plaintiff was injured as a result of an unsecured ladder, the appellants are liable (see, Madden v Trustees of Duryea Presbyt. Church, 210 AD2d 382).

The evidence provided by both the plaintiffs and the appellants established that the ladder moved and lost contact with the wall, and that in saving himself from falling to the ground, the plaintiff injured his back. The appellants did not produce any evidence disputing facts that the ladder was unsecured, and the injury was caused by the ladder losing contact with the wall. Therefore, there are no questions of fact either with regard to the violation of Labor Law § 240 (1), or that the violation was a proximate cause of the plaintiff's injuries (see, Turisse v Dominick Milone, Inc., 262 AD2d 305; Whalen v Sciame Constr. Co., 198 AD2d 501; Keane v Sin Hang Lee, 188 AD2d 636). The fact that the plaintiff did not actually fall from the ladder is irrelevant as long as the "harm directly flow[ed] from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see also, George v Huber, Hunt & Nichols, 242 AD2d 954; Skow v Jones, Lang & Wooton Corp., 240 AD2d 194; Sasso v NYMED, Inc., 238 AD2d 799). Thus, the court properly granted the plaintiffs' motion for partial summary judgment on the cause of action to recover damages pursuant to Labor Law § 240 (1) insofar as asserted against the appellants. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.