■ RUDOLPH FRANKLIN, Respondent, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Appellant. [736 NYS2d 816] —Appeal from that part of an order of Supreme Court, Erie County (Sconiers, J.), entered November 14, 2000, that granted plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Contrary to defendant's contention, plaintiff's accident falls within the purview of the statute. Plaintiff testified at his deposition that he was injured while working as a mason tender on a scaffold that extended in an "L" shape around the corner of a building under construction. To avoid stepping on a mortar pan that had been placed on the scaffold near the corner of the building, he instead stepped onto a plank that "went up in the air." He fell backward but was prevented from falling to the ground because his left leg became entangled in the scaffolding. "Labor Law § 240 (1) applies to this accident because it was caused by the failure of a scaffold while plaintiff was working at a height, even though plaintiff did not fall to the ground" (*Adams v North-Star Constr. Co.*, 249 AD2d 1001, 1002; *cf., Laisney v Zeller*, 234 AD2d 906). Plaintiff met his initial burden by establishing that his injury "was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (*Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874), and defendant failed to raise an issue of fact (*see, Pineda v Kechek Realty Corp.*, 285 AD2d 496, 497). We reject the contention of defendant that the motion was premature because it had not completed discovery. Defendant failed to demonstrate that facts essential to oppose the motion were in plaintiff's exclusive knowledge and possession and could be obtained by discovery (*see,* CPLR 3212 [f]; *Maron v Hillside Children's Ctr.*, 247 AD2d 871; *Lavin & Kleiman v Heinike Assoc.*, 221 AD2d 919). "Sum-

mary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" (*Meath v Mishrick*, 68 NY2d 992, 994; *see, State of New York v County of Erie*, 265 AD2d 853). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.