■ AHAMED MONIR et al., Appellants-Respondents, v 393 JERICHO TURNPIKE, LLC, Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [741 NYS2d 78] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated November 9, 2000, as, upon reargument, adhered to that portion of its prior determination in an order dated June 22, 2000, as denied their cross motion for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendant 393 Jericho Turnpike, LLC, and (2) the defendant 393 Jericho Turnpike, LLC, cross-appeals, as limited by its brief, from so much of the same order as, upon reargument, adhered to that portion of the prior determination as denied that branch of its motion which was for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, so much of the order dated June 22, 2000, as

denied that branch of the motion of the defendant 393 Jericho Turnpike, LLC, which was for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it is vacated, that branch of the motion is granted, and the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendant 393 Jericho Turnpike, LLC, is dismissed; and it is further,

Ordered that the defendant 393 Jericho Turnpike, LLC, is awarded one bill of costs.

The plaintiff Ahmed Monir (hereinafter the plaintiff) was injured in an accident which occurred while he was standing on an extension ladder, approximately 5 to 6 feet from the ground, and steam cleaning the exterior of a single-story building owned by the defendant 393 Jericho Turnpike, LLC (hereinafter Jericho). When the plaintiff attempted to leave the extension ladder and climb onto an adjacent fire escape, which was permanently affixed to the building, the moveable section of the fire escape ladder fell onto his left arm and leg. The plaintiffs subsequently commenced this action alleging, among other things, that Jericho was liable pursuant to Labor Law § 240 (1). Following discovery, Jericho moved for summary judgment, inter alia, dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against it, and the plaintiffs cross-moved for partial summary judgment on the issue of liability with respect to that cause of action. The Supreme Court denied those applications and, upon reargument, adhered to its determination. We now reverse the order insofar as cross-appealed from by Jericho and grant that branch of its motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

Labor Law § 240 (1) places the responsibility for safety at building construction sites on owners and general contractors (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520). Specifically, the statute was enacted to protect employees from elevation-related hazards (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Therefore, injuries resulting from other types of hazards are not compensable under the statute (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268; Ross v Curtis-Palmer Hydro-Elec. Co., supra).

In this case, the extension ladder provided to the plaintiff functioned properly, and did not collapse, slip, or fall. Moreover, the accident did not result from an elevation-related risk. The accident occurred when the plaintiff attempted to leave the extension ladder and climb onto the adjacent fire escape

ladder, and the moveable section of the fire escape ladder fell on him. Since the plaintiff's injuries did not result from either his falling from the extension ladder or his being struck by a falling object which was being hoisted or secured as part of the work being performed, his injuries did not result from an elevation-related risk as contemplated by Labor Law § 240 (1), and that statute does not apply (see *Narducci v Manhasset Bay Assoc., supra*).

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.