■ JOSE ACOSTA et al., Respondents, v KENT BENTLEY APARTMENTS, INC., et al., Appellants. [747 NYS2d 507] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 17, 2001, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and denied defendants' cross motion to dismiss plaintiff's Labor Law and common-law negligence claims, unanimously modified, on the law, to grant defendants' cross motion to the extent of dismissing plaintiff's Labor Law § 200 claim, and otherwise affirmed, without costs.

Plaintiff, pursuant to direction, was attempting to gain access to a retractable fire escape ladder at the second-floor level of the building in whose pointing he was engaged, to use the ladder as a means of ascending to his assigned work station on the fire escape platform on the building's fifth-floor level, when the ladder descended, trapping his hand. Taking due cognizance of the manner in which the fire escape platforms and ladders were being utilized, i.e., to provide access to different elevation levels for the worker and his materials, the ladder whose fall occasioned plaintiff's injury is properly viewed as a safety device within the purview of Labor Law § 240 (1) (*see Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31; *cf. Almanzar v Goval Realty Corp.*, 286 AD2d 278). Further, since it is manifest that the ladder did not function properly as a device to afford plaintiff safe access to his elevated work site, summary judgment was properly granted upon plaintiff's Labor Law § 240 (1) claim (*see Kirchner v BRC Human Servs. Corp.*, 224 AD2d 270; *see also Bataraga v Burdick*, 261 AD2d 106). That the ladder was permanently affixed to the building does not require a different result (*see Kirchner, supra*). Nor should the statute's protection be denied because plaintiff did not fall, since his "harm directly flow[ed] from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis omitted]; *see also Lacey v Turner Constr. Co.*, 275 AD2d 734).

Plaintiff's Labor Law § 200 and common-law negligence claims should, however, have been dismissed since, inter alia, defendants did not exercise supervisory control over the work performed on the premises (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352).

Finally, summary judgment dismissing plaintiff's Labor Law § 241 (6) claim alleging violation of 12 NYCRR 23-1.7 (f) was properly denied (*see Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792). Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.