■ JOHN P. MORRISON, Respondent, v CHRISTA CONSTRUCTION, INC., et al., Appellants, et al., Defendants. (Appeal No. 1.) [758 NYS2d 576] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered December 18, 2001, which, inter alia, granted plaintiff's motion seeking partial summary judgment on liability on the cause of action alleging a violation of Labor Law § 240 (1).

■ JOHN P. MORRISON, Respondent-Appellant, v CHRISTA CONSTRUCTION, INC., et al., Appellants-Respondents. (Appeal No. 2.) [758 NYS2d 722] —Appeal and cross appeal from an order of Supreme Court, Erie County (Fahey, J.), entered July 29, 2002, which upon renewal and reargument, inter alia, granted in part defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying plaintiff's motion seeking partial summary judgment in its entirety, granting defendants' motion seeking summary judgment in its entirety and dismissing the Labor Law § 240 (1) cause of action against defendant Christa Construction, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries that he sustained while taping and finishing dry wall on a project at the Veterans Home in Batavia. Plaintiff's employer was hired by the prime contractor, defendant Christa Construction, Inc. (Christa), and defendant Cannon-Architects & Engineers (Cannon) was the construction manager on the project. Supreme Court denied defendants' motion seeking summary judgment dismissing the complaint and granted plaintiff's motion seeking partial summary judgment on liability on the cause of action alleging a violation of Labor Law § 240 (1). Upon defendants' subsequent motion for renewal and reargument, the court dismissed the complaint in its entirety against Cannon and dismissed the causes of action for common-law negligence and the violation of Labor Law §§ 200 and 241 (6) against Christa. The court, however, adhered to its prior decision with respect to Christa's liability to plaintiff under Labor Law § 240 (1). Although defendants purported to seek renewal with respect to the section 240 (1) cause of action, we conclude that they in fact sought reargument (see Empire Ins. Co. v

*Food City,* 167 AD2d 983, 984 [1990]). While the court granted reargument, thus rendering defendants' appeal properly from the order in appeal No. 2 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]), we conclude that the court upon reargument should have dismissed the section 240 (1) cause of action against Christa as well, thereby dismissing the complaint against it.

The underlying facts are undisputed. Plaintiff was on a six-foot scaffold while he affixed fire tape to the drywall above the ceiling line. Plaintiff "kicked" the scaffold along the length of the room as he proceeded with the taping. The room continued to narrow and plaintiff was unable to reach an area that he needed to tape, due to the presence of pipes in front of him. Plaintiff therefore stood on an over-turned bucket, approximately 18 inches high, in order to reach the work area. Plaintiff's upper body was above the pipes and the air ducts behind him, which were all located slightly above plaintiff's waist. Plaintiff was unable to step off the bucket onto the scaffold because his upper body could not fit between the pipes and air ducts. Plaintiff also was unable to move the scaffold out of the narrow area because something on the floor prevented him from doing so. The scaffold began to tip as plaintiff attempted to move it, and he then tried to obtain the attention of his coworkers in the next room. Plaintiff lowered his body so that the bottom of his rib cage was at the level of the pipes and air ducts, and he kicked the wall with one foot. The bucket tipped slightly two or three times but did not tip over, and plaintiff was able to set the bucket upright each time with his foot. Plaintiff testified at his deposition that "both feet were never dangling." Plaintiff described himself as "thrashing around in there trying to get out when I fell trying to get that bucket up, trying to save myself."

We conclude that defendants established Christa's entitlement to judgment as a matter of law with respect to the Labor Law § 240 (1) cause of action by establishing that plaintiff did not fall, and plaintiff failed to raise an issue of fact. "The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' * * *. The core objective of the statute in requiring protective devices for those working at heights is to allow them to complete their work safely and prevent them from falling. Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240

(1) liability exits" (*Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914, 915-916 [1999]). We agree with plaintiff that, because he was required to use an over-turned bucket on a scaffold to access the work area, he was not provided "proper protection" to accomplish his task (§ 240 [1]). However, "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold * * * or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person.* The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate * * * scaffold" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]). Here, plaintiff was injured while attempting to extricate himself from a maze of pipes and air ducts. He did not, however, fall off the bucket onto the scaffold (*cf. Siago v Garbade Constr. Co.,* 262 AD2d 945 [1999]), nor did he fall from the scaffold (*cf. Franklin v Dormitory Auth. of State of N.Y.,* 291 AD2d 854 [2002]), and thus we conclude that plaintiff failed to raise an issue of fact whether Christa is liable for his injuries pursuant to section 240 (1). We therefore modify the order by denying plaintiff's motion seeking summary judgment in its entirety, granting defendants' motion seeking summary judgment in its entirety and dismissing the complaint against Christa.

All concur except Lawton, J., who dissents in part and votes to affirm in the following memorandum.

Lawton, J. (dissenting in part). I respectfully dissent in part. Like the majority, I conclude that plaintiff was not provided "proper protection" to accomplish his task as required by section 240 (1) of the Labor Law. Unlike the majority, however, I agree with Supreme Court that plaintiff's injury "did not result from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance * * * [and that] [t]here is a nexus between the failure of the scaffold and bucket, which exposed Plaintiff Morrison to the effects of gravity" (emphasis in original). Thus, I conclude that the court upon reargument properly adhered to its prior decision with respect to the liability of defendant Christa Construction, Inc. under section 240 (1). In my view, the majority unduly concerns itself with the fact that plaintiff did not fall from the scaffold. While a fall from a height is the usual scenario for liability under Labor Law § 240 (1), it is not a prerequisite to such liability (*see e.g. Acosta v Kent Bentley Apts.,* 298 AD2d 124 [2002]; *Franklin v Dormitory Auth. of State of N.Y.,* 291 AD2d 854 [2002]; *Cordero v Kaiser Org.,* 288 AD2d

424 [2001]; *Lacey v Turner Constr. Co.*, 275 AD2d 734 [2000]; *Striegel v Hillcrest Hgts. Dev. Corp.*, 266 AD2d 809 [1999]; *Ray v Niagara Mohawk Power Corp.*, 256 AD2d 1070 [1998]). Here, plaintiff established that his injuries were "proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk" (*Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874, 874 [2000]). Thus, this is "the type of hazard contemplated by Labor Law § 240 (1)" (*Striegel*, 266 AD2d at 810). Had plaintiff been able to reach the area on which he worked without using a bucket, or had he been able to freely roll the scaffold back to its original position, his injuries could have been avoided. Consequently, I would affirm. Present— Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.