■ Jarnail Sahota, Respondent, v Ahmet Celaj, Doing Business as A&Z Realty Company, and Doing Business as B&A Realty Company, Appellant. (And a Third-Party Action.) [783 NYS2d 536]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 11, 2003, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and denied defendant's cross motion for summary judgment dismissing the claim, reversed, on the law, without costs, plaintiff's motion for partial summary judgment denied, defendant's cross motion for summary judgment granted and the Labor Law § 240 (1) claim dismissed.

The uncontroverted record evidence shows that plaintiff was injured when, at the direction of his employer, he halted his masonry pointing and sealing work which he was performing from a scaffold, dismounted the scaffold onto an adjacent fire escape platform and tried to descend from there down to street level. As he stood on the fire escape platform attempting to lower the fire escape ladder, its securing mechanism broke, suddenly releasing a metal bolt (and the ladder), which crashed down and struck his left arm, fracturing his radius and ulna. No work was being done from the fire escape nor, during the course of this project, was the fire escape ever used as a scaffold. No work was being done to the fire escape and the fire escape ladder mechanism was not being hoisted or secured at the time of the accident. The safety equipment that plaintiff used in his work, the scaffold and a harness, functioned perfectly and did not contribute to the accident. The instance of the accident was alleged to be the only time plaintiff used the fire escape for any purpose.

*Narducci v Manhasset Bay Assoc.* (96 NY2d 259 [2001]) is the controlling case on the issue of falling objects in the context of Labor Law § 240 (1). In *Narducci*, the plaintiff was injured when, while working from a ladder to remove a window, an adjacent window pane, which was not being worked on, popped out and struck him. The Court of Appeals found that the statute offered no relief in such circumstances. It dismissed his Labor Law § 240 (1) claim on the grounds that there was no showing that the object struck him due to the absence or failure of a statutory safety device or while being hoisted or secured. As in *Narducci,* we find that the accident here was not one within the contemplation of Labor Law § 240 (1), but, instead, involved a general hazard of the workplace.

The *Narducci* circumstances and those in the instant case are readily distinguishable from the circumstances in *Acosta v Kent*

*Bentley Apts.* (298 AD2d 124 [2002]), a case heavily relied on by the motion court and our dissenting colleagues. In *Acosta*, although the plaintiff was engaged in similar work and was injured by a fire escape ladder crashing down on his arm as he tried to ascend to his work station, his work station *was* a fire escape platform. This Court found that the building's fire escape was functioning as a labor safety device, since throughout the duration of the work, plaintiff and the other workers, as instructed by their employer, routinely performed certain parts of their work from the fire escape platforms and used the ladders to move themselves and their work materials between levels of elevation. Indeed, they had to, because the areas near the fire escape were inaccessible from the scaffolding provided. As previously mentioned, the instance of the accident was the only time the plaintiff at bar used the fire escape at issue.

For similar reasons, plaintiff's reliance on *De Jara v 44-14 Newtown Rd. Apt. Corp.* (307 AD2d 948 [2003]) is misplaced. Also inapposite is the dissent's reliance on *Franklin v Dormitory Auth. of State of N.Y.* (291 AD2d 854 [2002]) and *Lacey v Turner Constr. Co.* (275 AD2d 734 [2000]), and plaintiff's on *Dhillon v Bryant Assoc.* (306 AD2d 40 [2003]), cases distinguishable because statutory safety devices provided to and used by the workers malfunctioned, resulting in the complained-of injuries. On the other hand, the Second Department case *Monir v 393 Jericho Turnpike* (293 AD2d 585 [2002]) comports with the facts of the case at bar and follows the reasoning of *Narducci*. The *Monir* court stated (at 587): "Since the plaintiff's injuries did not result from either his falling from the [employer-provided, properly-functioning safety device] or his being struck by a falling object which was being hoisted or secured as part of the work being performed, his injuries did not result from an elevation-related risk as contemplated by Labor Law § 240 (1), and that statute does not apply" (*see Narducci v Manhasset Bay Assoc., supra*). Concur—Williams, Marlow and Catterson, JJ.

Ellerin, J.P. and Lerner, J., dissent in a memorandum by Ellerin, J.P. as follows: I would affirm on the ground that the fire escape was a "safety device" within the purview of Labor Law § 240 (1) by virtue of the fact that plaintiff's employer directed him to use it to descend from the scaffold (*see Acosta v Kent Bentley Apts.*, 298 AD2d 124, 125 [2002] [since fire escape platforms and ladders were being used "to provide access to different elevation levels for the worker and his materials, the ladder whose fall occasioned plaintiff's injury is properly viewed as a safety device"]). Inasmuch as the fire escape ladder manifestly did not function properly as a device to afford plaintiff safe de-

scent from his elevated work site, summary judgment was properly granted on his Labor Law § 240 (1) claim (*id.*).

Defendant argues that the factual distinctions between the instant case and *Acosta* compel a finding that the fire escape was not a "safety device" within the meaning of the statute. However, whether or not the fire escape had ever before been used by the workers on this job as a means of descent and whether or not another means of descent was available, plaintiff was directed by his employer to dismount the scaffold at the level at which he had been doing masonry pointing and to step onto the fire escape platform and use the fire escape ladder as a means of descending to street level. After he dismounted the scaffold, plaintiff still needed a device for his protection in descending to the street from his elevated work site (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514 [1991] ["Some of the enumerated devices (e.g., 'scaffolding' and 'ladders'), . . . are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk"]). The fire escape was that device.

Moreover, to hold a construction worker responsible for choosing the safest way down to street level from an elevated scaffold, particularly after his boss has directed him to use the fire escape, defeats the purpose of the law, which is "to protect workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (*Rocovich, supra* at 513 [citations and internal quotation marks omitted]).

That plaintiff neither fell nor was struck by an object that was being hoisted or secured as part of the work he was doing does not alter the analysis (*see e.g. Acosta, supra* [plaintiff injured when hand was trapped in descending fire escape ladder]; *Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854 [2002] [summary judgment properly granted to plaintiff whose leg became entangled in scaffolding after he stepped onto plank that rose in the air]; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000] [summary judgment properly granted to plaintiff who, while standing on ladder that lost contact with wall and turned sideways, ruptured disk while managing to turn ladder back against wall]).

Nor does *Narducci v Manhasset Bay Assoc.* (96 NY2d 259 [2001]) compel a different result. In *Narducci*, the Court of Appeals held that Labor Law § 240 (1) did not cover a plaintiff who was injured when he was struck by a pane of glass that fell

from a window frame adjacent to the window against which he was standing on a ladder. The Court found that the risk of falling glass was not the type of risk the statute was intended to address, since the glass itself was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell (*Narducci*, at 268). The ladder on which the plaintiff was standing could not be deemed "inadequate," since the plaintiff was not injured as a result of a fall and did not contest that the ladder functioned properly (at 269). In distinction, in the instant case, plaintiff was directed to use the fire escape instead of the scaffold as a means of descending from his elevated work site, placing him squarely within the protection of Labor Law § 240 (1) (*see Rocovich, supra*), and he was injured as a result of the fact that the fire escape ladder did not function properly.