■ David Lopez et al., Appellants, v City of New York Transit Authority et al., Respondents. [799 NYS2d 495]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered August 11, 2004, which granted defendants' motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims in the amended complaint, and denied plaintiffs' cross motion for summary judgment on said claims, unanimously modified, on the law, the motion to dismiss the section 241 (6) claim denied, and otherwise affirmed, without costs.

Plaintiff David Lopez, a journeyman electrician, was injured at a job site when, with both feet on the ground and while in the process of closing an extension ladder, he slipped on debris around the bottom of the ladder, and his right hand fell between the closing half and the stationary part of the ladder, crushing his wrist. The motion court correctly dismissed the Labor Law § 240 (1) claims. Since the injury did not result from an elevation-related risk, the statute does not apply (see Sahota v Celaj, 11 AD3d 308, 310 [2004]; Bomova v KMK Realty Corp., 255 AD2d 351 [1998], lv denied 93 NY2d 818 [1999]).

Based on the worker's deposition testimony that he slipped on debris as he attempted to lower the extension ladder, which, in turn, caused his hand to get caught in the ladder, the motion court erred in concluding that the slip was not the cause of his injury, and that the Industrial Code provisions regarding slipping hazards (12 NYCRR 23-1.7 [d]) and tripping hazards in work areas (12 NYCRR 23-1.7 [e] [2]) did not apply. Since the extensive debris in the work area at least contributed to the occurrence of the accident, the alleged violations of section 23-1.7 (d) and (e) (2) were sufficient to support a claim under Labor

Law § 241 (6) (*see Farina v Plaza Constr. Co.*, 238 AD2d 158, 159 [1997]; *Colucci v Equitable Life Assur. Socy. of U.S.*, 218 AD2d 513 [1995]). Furthermore, plaintiff raised a triable issue as to whether the ladder he was provided did not meet the requirements of 12 NYCRR 23-1.21 (*see Potter v NYC Partnership Hous. Dev. Fund Co., Inc.*, 13 AD3d 83, 85 [2004]).

We have considered all other contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Marlow and Sullivan, JJ.