■ Felix Ortiz, Respondent, v Turner Construction Co., Appellant. (And a Third-Party Action.) [813 NYS2d 770]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Martin, J.), dated September 16, 2004, as denied those branches of its motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 240 (1) and § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured at a construction site while he was installing "brick ties" to the exterior of a five-story office building located in Queens. The plaintiff stood on the building's windowsills, leaned his body outside the unfinished windows and, using a power tool, screwed the brick ties to the building frame with one hand, while holding onto the frame with the other hand. No scaffold was made available, and the plaintiff wore a safety harness which he had provided. The accident occurred as the plaintiff was leaning out a window on the third floor of the building attempting to fasten a brick tie to the exterior frame. According to the plaintiff, as he put pressure on the screw gun, it slipped, and the plaintiff ended up dangling outside the window, gripping the windowsill. As a result of the incident, the plaintiff sustained injuries to his right shoulder. The plaintiff commenced this action, alleging, among other things, violations of Labor Law §§ 200 and 240 (1) and common-law negligence. The Supreme Court, inter alia, denied summary judgment to the defendant dismissing the plaintiff's Labor Law §§ 200 and 240 (1) and common-law negligence claims. This appeal ensued.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The court properly found that the work involved a risk related to differences in elevation under Labor Law § 240 (1) (see Lacey v Turner Constr. Co., 275 AD2d 734 [2000]; George v Huber Hunt & Nichols, 242 AD2d 954 [1997]). "It is of no consequence that plaintiff allegedly sustained injuries as he prevented himself from falling further" (Smith v Artco Indus. Laundries, 222 AD2d 1028, 1028

[1995]). Further, questions of fact exist as to whether the safety harness provided proper protection, and whether the plaintiff should have been provided with additional safety devices (*see Piontek v Huntington Pub. Lib.*, 306 AD2d 334 [2003]).

The Supreme Court properly denied those branches of the motion of the defendant which were for summary judgment dismissing the claims alleging a violation of Labor Law § 200 and common-law negligence. Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.