■ JOHN VISLOCKY, Appellant, v CITY OF NEW YORK et al., Respondents. [879 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated November 27, 2007, as amended by an order dated May 22, 2008, which granted the defendants' motion for summary judgment dismissing the complaint in its entirety, and (2) the order dated May 22, 2008.

Ordered that the order dated November 27, 2007, as amended, is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200 and 240 (1) and to recover damages for common-law negligence, and substituting therefor a provision denying those branches of the motion; as so modified, the order dated November 27, 2007, as amended, is affirmed; and it is further,

Ordered that the appeal from the order dated May 22, 2008, is dismissed as unnecessary; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was injured as he worked on a one-foot-wide concrete pedestal at a height approximately 20 feet above subway train tracks. His work involved using a 75- to 80-pound hydraulic jack to stress rebars that had been installed through the center of the pedestal and that extended approximately 5- to 5½-feet above the pedestal. The plaintiff "wrenched his back"

and "ripped his stomach" when, while holding the jack and wrapping his leg around a rebar, he "twist[ed]" his body and reached across to apply the jack to another rebar about two feet away. It is undisputed that he was provided with no safety devices to prevent him from falling from the pedestal or to assist him in lifting and maneuvering the jack.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) causes of action. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that 12 NYCRR 23-1.22 (c) (2), the Industrial Code provision cited by the plaintiff, is inapplicable to the facts at bar (see Olson v Pyramid Crossgates Co., 291 AD2d 706, 708 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) causes of action. The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. "The fact that the plaintiff did not actually fall from the [pedestal] is irrelevant as long as the 'harm directly flow[ed] from the application of the force of gravity to [his] person' " (Lacey v Turner Constr. Co., 275 AD2d 734, 735 [2000], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Ienco v RFD Second Ave., LLC, 41 AD3d 537 [2007]; Ortiz v Turner Constr. Co., 28 AD3d 627 [2006]; Smith v Artco Indus. Laundries, 222 AD2d 1028 [1995]).

The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and to recover damages for common-law negligence. The defendants failed to demonstrate, prima facie, that they lacked the authority to control the manner in which the plaintiff's work was performed (see Gasques v State of New York, 59 AD3d 666 [2009]; Hurtado v Interstate Materials Corp., 56 AD3d 722, 723 [2008]).

In light of our determination with respect to the causes of action pursuant to Labor Law § 240 (1) and § 200, and to recover damages for common-law negligence, the sufficiency of the plaintiff's opposition papers need not be considered as to these causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur. [See 17 Misc 3d 1138(A), 2007 NY Slip Op 52336(U).]