Goya v Longwood Hous. Dev. Fund43282/16E Co., Inc. (2018 NY Slip Op 08234)





Goya v Longwood Hous. Dev. Fund43282/16E Co., Inc.


2018 NY Slip Op 08234


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7761 23359/14E 43017/16E 43120/16E 43142/16E 43252/16E 43282/16E

[*1]Milton Goya, Plaintiff-Appellant-Respondent,
 v
Longwood Housing Development Fund Company, Inc., et al., Defendants-Respondents, A.A.D. Construction Corp., Defendant-Respondent-Appellant.
Longwood Housing Development Fund Company, Inc., Third-Party Plaintiff-Respondent,
v
Triboro Maintenance Corporation, et al., Third-Party Defendants-Respondents.
Triboro Maintenance Corporation, Second Third-Party Plaintiff-Respondent,
v
Clark & Wilkins Industries, Inc., Second Third-Party-Defendant-Respondent.
Longwood Housing Development Fund Company, Inc., Third-Third-Party Plaintiff-Respondent,
v
Clark & Wilkins Industries, Inc., Third-Third-Party Defendant-Respondent.
Clark & Wilkins Industries, Inc., Fourth Third-Party Plaintiff-Respondent,
v
Cross Contracting, Inc., et al., Fourth Third-Party Defendants-Respondents.
Longwood Housing Development Fund Company, Inc., Fifth Third-Party Plaintiff-Respondent,
[*2]
v
Cross Contracting, Inc., et al. Fifth Third-Party Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
O'Connor Reed Orlando LLP, Port Chester (Steven M. O'Connor of counsel), for respondent-appellant.
Litchfield Cavo LLP, New York (Dennis J. Dozis of counsel), for Longwood Housing Development Fund Company, Inc., respondent.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for Melcara Corp., respondent.
Sullivan & Klein, LLP, New York (Frederick M. Klein of counsel), for Triboro Maintenance Corporation, respondent.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for AIM Construction of NY Inc., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for Clark & Wilkins Industries, Inc., respondent.
Gallo Vitucci Klar LLP, New York (Sara R. David of counsel), for Cross Contracting Inc. and Cross Contracting Corp., respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 28, 2017, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and denied the cross motion of defendant A.A.D. Construction Corp. (AAD) for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, unanimously affirmed, without costs.
The court properly denied AAD's cross motion for summary judgment because the fire escape ladder that plaintiff was climbing at the time of the accident was a "safety device" within the meaning of Labor Law § 240(1). The ladder was specifically used "to provide access to different elevation levels for the worker and his materials" (Acosta v Kent Bentley Apts., 298 AD2d 124, 125 [1st Dept 2002]; see Sahota v Celaj, 11 AD3d 308, 310 [1st Dept 2004]), and, as such, the record does not permit a conclusive determination that AAD was not liable for plaintiff's injuries. Moreover, the record does not permit the conclusion that this plaintiff was the sole proximate cause of his injuries, or, that there was another, readily available ladder or safety device, that plaintiff unreasonably chose not to use (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]).
The court correctly denied plaintiff's motion for partial summary judgment because there were issues of fact as to whether he was "permitted or suffered to work on [the] building" at the time of the accident (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [1990]). There [*3]was conflicting evidence as to whether plaintiff had permission to perform work at the accident site on the day in question (see Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 135 AD3d 790, 791-792 [2d Dept 2016]; Lazri v Kingston City Consol. School Dist., 95 AD3d 1642, 1644 [3d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK