Johnsen v State of New York (2022 NY Slip Op 04540)

Johnsen v State of New York

2022 NY Slip Op 04540

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-04990

[*1]Cheryl Johnsen, appellant, 
v
State of New York, respondent. (Claim No. 121611)

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
Smith Mazure, P.C., New York, NY (Stacy Malinow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (David A. Weinstein, J.), dated January 25, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1), and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the claimant.
On July 23, 2012, the claimant was working on a project rehabilitating the Gowanus Expressway in Brooklyn. She was in the basket of a boom lift, also called a man lift, working on the underside of the Gowanus Expressway, when a car carrier tractor trailer struck the basket. The basket allegedly ricocheted back and forth and the claimant was injured. The claimant commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the claim. In an order dated January 25, 2019, the Court of Claims, inter alia, granted the motion. The claimant appeals.
The Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action. While the claimant alleged that the defendant was liable pursuant to Labor Law § 241(6) predicated on a violation of 12 NYCRR 23-1.29(a), the defendant established, prima facie, that at the time of the accident, it had complied with the requirement that the "work area shall be so fenced or barricaded as to direct such public vehicular traffic away from such area" (id.; see Babcock v Orange & Rockland Util., Inc., 179 AD3d 882, 882; Lucas v KD Dev. Constr. Corp., 300 AD2d 634). In opposition, the claimant failed to raise a triable issue of fact.
The Court of Claims erred in granting that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action. The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law. "The fact that the plaintiff did not actually fall from the [basket] is irrelevant as long as the 'harm directly flow[ed] from the application of the force of gravity to [her] person'" (Lacey v Turner Constr. Co., 275 AD2d 734, [*2]735, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Vislocky v City of NY, 62 AD3d 785, 786).
The Court of Claims also erred in granting that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. The defendant failed to demonstrate, prima facie, that it lacked the authority to control the manner in which the work zone traffic control devices were placed, so as to render it potentially liable for the failure to provide a safe worksite (see Vislocky v City of NY, 62 AD3d at 786; Alomia v NY City Tr. Auth., 292 AD2d 403, 403).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1), 200, and common-law negligence causes of action, we need not consider the sufficiency of the claimant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court