Musse v Triborough Bridge & Tunnel Auth. (2022 NY Slip Op 06171)

Musse v Triborough Bridge & Tunnel Auth.

2022 NY Slip Op 06171

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 158546/15 Appeal No. 16612 Case No. 2021-04801 

[*1]Milagros Musse, Plaintiff-Appellant,
v
Triborough Bridge and Tunnel Authority, Defendant, Port Authority of New York and New Jersey, Defendant-Respondent.

Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for appellant.
Rubin, Fiorella, Friedman & Mercante LLP, New York (Stewart B. Greenspan of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 27, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Port Authority of New York and New Jersey's (PANYNJ) motion for summary judgment dismissing the Labor Law § 241(6) cause of action as against it, unanimously reversed, on the law, without costs, and the motion denied.
PANYNJ is the owner of the Brooklyn Marine Terminal and leased a portion of the space to nonparty Red Hook Container Terminal, LLC (RHCT) under a written operating agreement. Plaintiff's employer, Tutor Perini Corporation, hired RHCT in accordance with a purchase order to offload and store material at the terminal space for a construction project Tutor Perini was undertaking at the Verrazzano Narrows Bridge, owned by defendant Triborough Bridge and Tunnel Authority (TBTA). Plaintiff, a welder who was working on materials for installation on the bridge, was injured as she was moving a scaffold in the terminal when one of the legs of the scaffold became stuck in a depression on the floor. Plaintiff testified that there was debris, oil, and grease on the floor, and that as she tried to pull the scaffold out of the depression, she slipped and was injured.
PANYNJ failed to establish its entitlement to summary judgment, as the record presents issues of fact as to whether PANYNJ was liable to plaintiff under Labor Law § 241(6). Although PANYNJ leased control of the property to RHCT and transferred responsibility for the maintenance of the terminal to RHCT, PANYNJ was nevertheless the owner of property for purposes of Labor Law § 241(6). The operating agreement between PANYNJ and RHCT permitted RHCT to use the property, and set out conditions on RHCT's use of the property. The agreement also set forth the scope and manner of the work to be performed and provided that RHCT was required to provide PANYNJ with a monthly profit and loss report. The general manager for PANYNJ testified that RHCT was required to obtain PANYNJ's consent to sublicense any portion of the property. Additionally, under the purchase order between Tutor Perini and TBTA, the owner of the bridge project, PANYNJ was to be paid a port security charge, among other charges.
As a result, the evidence created a sufficient nexus between PANYNJ and the project, and thus between PANYNJ and plaintiff, to support an imposition of liability under Labor Law § 241(6) (see Sanatass v Consolidated Inv. Co., 10 NY3d 333, 341-342 [2008]). Plaintiff's task of grinding bevels on the deck panels to be installed on the bridge also falls under the Labor Law because the protections of the statute extend to areas where materials or equipment are being prepared to be used in construction (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998]; Karwowski v 1407 Broadway Real Estate, LLC, 160 AD3d 82, 86 [1st Dept 2018]).
Plaintiff's testimony that there was debris, grease, and oil on the floor when she slipped raises [*2]issues of fact as to the applicability of Industrial Code provisions 12 NYCRR 23-1.7(d) and (e)(2), which require work areas to be kept free of debris and slipping hazards (see Lester v JD Carlisle Dev. Corp., MD., 156 AD3d 577, 578 [1st Dept 2017]; Velasquez v 795 Columbus LLC, 103 AD3d 541, 541-542 [1st Dept 2013]; Lopez v City of N.Y. Tr. Auth., 21 AD3d 259, 260 [1st Dept 2005]). Furthermore, contrary to PANYNJ's assertions, the floor where plaintiff slipped was, in fact, in a work area, not in an open courtyard or common area.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022