Rivas-Pichardo v 292 Fifth Ave. Holdings, LLC (2021 NY Slip Op 05600)





Rivas-Pichardo v 292 Fifth Ave. Holdings, LLC


2021 NY Slip Op 05600


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-09397
 (Index No. 15380/15)

[*1]Cesar A. Rivas-Pichardo, appellant-respondent,
v
292 Fifth Avenue Holdings, LLC, defendant third-party plaintiff-respondent; Pinnacle Demolition & Environmental Services Corp., third-party defendant-respondent-appellant.


Oresky & Associates, PLLC, Bronx, NY (Laurence D. Rogers and Richard Calabrese of counsel), for appellant-respondent.
Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan of counsel), for third-party defendant-respondent-appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Marcia K. Raicus and Louise Cherkis of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the third-party defendant cross-appeals, from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 13, 2018. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), granted those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and granted those branches of the third-party defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.20(a), 23-2.5(a), and 23-3.3(e). The order, insofar as cross-appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241-a and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.7(a)(1).
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the third-party defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting the cross motion, and (3) by deleting the provision thereof granting those branches of the third-party defendant's [*2]motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.20(a), 23-2.5(a), and 23-3.3(e), and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the third-party defendant, and one bill of costs to the defendant third-party plaintiff payable by the plaintiff.
In June 2015, the plaintiff was working as a laborer on a demolition project at property owned by the defendant third-party plaintiff, 292 Fifth Avenue Holdings, LLC (hereinafter the owner). A former elevator shaft had been converted into a debris chute for the project, and workers would dump debris into the chute from the floors above. The debris would accumulate at the ground or basement level, where a hole had been cut into the chute for removal of accumulated debris. At the time of the accident, the plaintiff was at the bottom level of the chute, removing debris from the area in front of the chute. Before the plaintiff began to work in that area, another worker called to the upper floors with a directive to stop dumping debris into the chute so that the bottom area could be cleared. One of the laborers did not hear the directive and dumped the contents of a wheel barrel into the chute while the plaintiff was working in front of the chute. Some bricks from the wheel barrel ricocheted out of the bottom of the chute and struck the plaintiff, allegedly causing injuries.
The plaintiff commenced this action against the owner to recover damages for his personal injuries, alleging common-law negligence and violations of, inter alia, Labor Law §§ 200, 240(1), 241-a, and 241(6). The owner commenced a third-party action against the plaintiff's employer, Pinnacle Demolition & Environmental Services Corp. (hereinafter Pinnacle), asserting causes of action for, among other things, common-law and contractual indemnification.
The owner moved for summary judgment, inter alia, dismissing the Labor Law § 200 and common-law negligence causes of action. Pinnacle moved for summary judgment, inter alia, dismissing the Labor Law §§ 240(1), 241(6), and 241-a causes of action. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. In an order entered June 13, 2018, the Supreme Court, among other things, denied the plaintiff's cross motion; granted those branches of the owner's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action; granted those branches of Pinnacle's cross motion which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on 12 NYCRR 23-1.20(a), 23-2.5(a), and 23-3.3(e); and denied those branches of Pinnacle's motion which were for summary judgment dismissing the Labor Law § 241-a cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on 12 NYCRR 23-1.7(a)(1). The plaintiff appeals, and Pinnacle cross-appeals.
Labor Law § 240(1) imposes a nondelegable duty on building owners and general contractors engaged in, among other activities, demolition, to provide appropriate safety devices to workers who are subject to elevation-related risks (see Saint v Syracuse Supply Co., 25 NY3d 117, 124; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). The statute was designed to provide "exceptional protection" for workers against the "special hazards" which stem from a work site that is either elevated or positioned below the level where materials are hoisted or secured (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]). Liability under the statute is absolute where the failure to provide proper protection is a proximate cause of a worker's injury (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96; Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662).
"In order to prevail on summary judgment in a section 240(1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 662, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The debris that was being [*3]removed from the building was thrown down the elevator chute, and the plaintiff's injuries were caused by materials which descended from a higher floor and ricocheted out of the chute into the area where the plaintiff was working. The protections of Labor Law § 240(1) are implicated because the plaintiff's injuries were caused either by the inadequacy of the chute in protecting him from the elevation-related risk resulting from the disposal of the debris down that chute, or the failure to employ other safety devices for the removal of the debris, which might have provided the necessary protection (see Henningham v Highbridge Community Hous. Dev. Fund Corp., 91 AD3d 521, 522; La Veglia v St. Francis Hosp., 78 AD3d 1123, 1127). In opposition, neither the owner nor Pinnacle raised a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and denied that branch of Pinnacle's motion which was for summary judgment dismissing that cause of action.
Labor Law § 241(6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision "mandating compliance with concrete specifications" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505).
In support of that branch of its motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action, Pinnacle failed to demonstrate, prima facie, that 12 NYCRR 23-1.7(a)(1), 23-1.20(a), 23-2.5(a), and 23-3.3(e) did not apply to the facts of this case, or that the alleged violations of these provisions were not a proximate cause of the plaintiff's alleged injuries (see Parrales v Wonder Works Constr. Corp, 55 AD3d 579; see generally Debennedetto v Chetrit, 190 AD3d 933, 936-937; Abreo v URS Greiner Woodward Clyde, 60 AD3d 878, 881). Accordingly, the Supreme Court properly denied that branch of Pinnacle's cross motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as it was predicated on 12 NYCRR 23-1.7(a)(1), but also should have denied that branch of the cross motion which related to 12 NYCRR 23-1.20(a), 23-2.5(a), and 23-3.3(e).
The Supreme Court properly denied that branch of Pinnacle's cross motion which was for summary judgment dismissing the Labor Law § 241-a cause of action, as Pinnacle failed to demonstrate, prima facie, that the statute was inapplicable to the facts, or that the alleged violation of the statute was not a proximate cause of the damages alleged.
The plaintiff's remaining contention is without merit.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court