## Rolle v JCDecaux St. Furniture N.Y., LLC

2024 NY Slip Op 30474(U)

February 13, 2024

Supreme Court, Kings County

Docket Number: Index No. 508333/2017

Judge: Patria Frias-Colón

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                         Part 20
------------------------------------------------------------------------ X
Lamont Rolle,

                              PLAINTIFFS,

                    -against-

JCDecaux Street Furniture New York, LLC, CEMUSA
NY, LLC., The City of New York, MTA Bus Company,
MABSTOA, The New York City Transit Authority, The
New York City Department of Transportation and
Metropolitan Transportation Authority.

                              DEFENDANTS.
------------------------------------------------------------------------ X
**HON. PATRIA FRIAS-COLÓN, J.S.C.**

Index # 508333/2017
Cal. #s 14 & 15 Mot. Seq. #s 5 & 6

**DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or
3212(b) of papers considered on review of
this motion:
NYSCEF Doc #s 115-135; 155-158 by Plaintiff
NYSCEF Doc #s 136-150 by Defendants
JCDecaux, CEMUSA, and City Defendants

        Upon the foregoing cited papers and after oral argument on November 8, 2023, pursuant to
CPLR § 3212, Plaintiff's Motion for Summary Judgement is DENIED and Defendants JCDecaux
Street Furniture New York, LLC ("JCDeceaux"[1]), The City of New York and New York City
Department of Transportation's ("City Defendants") Cross-Motion for Summary Judgment is
GRANTED as to City Defendants and DENIED as to Defendant JCDecaux/CEMUSA.


**BACKGROUND**

        This personal injury action arose from a May 12, 2016 accident. Plaintiff alleges that while
power-washing a bus shelter on the corner of Smith and Livingston Streets in Kings County, a glass
panel fell on his head causing him to fall and become unconscious. When Plaintiff regained
consciousness, he was being transported to the hospital.

        Pursuant to Labor Law §§200, 240 (1) and 241 (6), Plaintiff asserts entitlement to summary
judgment because had it not been for the unsafe work conditions created by Defendants, he would not
have been injured. The City Defendants and Defendant JCDecaux oppose Plaintiff's motion and cross-
move for summary judgement contending Plaintiff has no claim against them pursuant to Labor Law
§§200, 240 (1) and 241 (6).  Defendants MTA Bus Company, MABSTOA, The New York City Transit
Authority, and Metropolitan Transportation Authority ("Transit") did not take a position.


**DISCUSSION**

**Although Labor Law §200 is not applicable to the City Defendants it is applicable to Defendant
JCDeceaux.**

        On a motion for summary judgement, the moving party has the burden to make a *prima facie*

--------
[1] Defendant JCDecaux was formerly known as CEMUSA.

[* 1]

showing of entitlement to judgment as a matter of law and tender sufficient evidence to demonstrate the absence of any material issues of fact. *Voss v. Netherlands Ins. Co.*, 22 N.Y.3d 728 (2014) (citing *Alvarez v Prospect Hosp.*, 68 N.Y.2.d 320 [1986]). If a moving party fails to meet their burden, summary judgment must be denied "regardless of the sufficiency of the opposing papers." *Id.* (citing *Vega v. Restani Constr. Corp.*, 18 N.Y.3d 499 [2012]). Summary judgment is a "drastic remedy" that should not be granted where there is any doubt about the existence of triable fact or an arguable issue. *Marino v. Jamison*, 189 A.D.3d 1021 (2d Dept. 2020).

For Labor Law §200 to apply, a plaintiff must show that the owner of a property or the general contractor working at a property supervised said property or had actual or constructive notice of an unsafe condition. *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 1993. Here, Plaintiff failed to show that Labor Law §240 (1) is applicable to the City Defendants as they do not directly supervise the maintenance of bus shelters[2]. Such maintenance is left to the general contractor and the sub-contractor[3]. Additionally, the City Defendants were not on notice (actual or constructive) regarding any defect of the subject bus shelter[4]. Generally, any defects in bus shelters are directly reported by the subcontractor to the contractor[5]. Here, the City Defendants neither directly supervised nor were aware of a defect prior to the Plaintiff's alleged accident.

Labor Law §200 may be applicable toward Defendant JCDeceaux. Plaintiff put forth sufficient evidence to establish that there are genuine triable issues of fact regarding whether Defendant JCDeceaux played a supervisory role in the maintenance and cleaning of the subject bus shelter. Since Labor Law §200 does not apply to the City Defendants, Plaintiff's Labor Law §200 complaint and all crossclaims are dismissed with prejudice as to them. Plaintiff's Labor Law §200 complaint shall proceed against Defendants JCDecaux/CEMUSA.

**Defendants did not Violate Labor Law §240 (1).**

Labor Law §240 (1) mandates that "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". For §240 (1) apply, Plaintiff must demonstrate he was engaged in protected work and that Defendants exposed him to an elevation height risk without implementing additional safeguards meant to prevent workplace injury.

Plaintiff's reliance on *Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513 (1985) to support his position that Labor Law § 240 (1) applies in the instant matter is misplaced. The *Zimmer* plaintiff was entitled to recover damages because, as required by Labor Law §240 (1), he fell from a height while engaged in protected work and was not provided with additional protective gear. In *Rocovich v Consol. Edison Co.*, 78 NY2d 509 (1991), the Court of Appeals cited to the legislative history from Labor Law §240 (1), when it found Defendant liable pursuant to this statute because

---

[2] NYSCEF Doc. #144 at 71:23-71:27.
[3] *Id.* at 25:3-12 and NYSCEF Doc. #145 at 11:21-12:9.
[4] NYSCEF Doc. #145 at 40:13 - 41:12.
[5] *Id.* At 29: 6-11.

[* 2]

plaintiff was working in a protected environment and safety devices were not provided. The instant case is distinguishable from *Zimmer* and *Rocovich*. Here, Plaintiff was performing routine maintenance[6] at street level[7]. When a plaintiff "cannot show that he was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law §240 (1), the plaintiff cannot recover under the statute. *Toefer v Long Is. R.R.*, 4 NY3d 399, 405 (2005) *citing Rodriguez v Margaret Tietz Ctr. for Nursing Care, Inc.,* 84 N.Y.2d 841, 843 (1994). Since Plaintiff cannot demonstrate that he was working in a protected environment with a heightened elevation risk, he cannot recover against under Labor Law § 240 (1). Therefore, this branch of Plaintiff's summary judgment motion is denied.

### Labor Law §241 (6) is not applicable in this case.

Labor Law §241 (6) requires that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." "Labor Law §241 (6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed." *Sheldon v Weinstein Enters., Inc.*, 2018 NY Slip Op 32459[U] Sup. Ct, Kings County (2018) *citing De Jesus v Metro-North Commuter R.R.*, 159 AD3d 951 2d Dept. (2018).

Contrary to the Plaintiff's assertion, Defendants here were not required to ensure additional safety measures were in place prior to Plaintiff power-washing the bus shelter. The glass panel that fell to the ground was no higher than eight feet, and no harness or securing was necessary because the power-washing was being performed at street level[8]. Plaintiff relied on *Rivas-Pichardo v 292 Fifth Ave. Holdings, LLC*, 198 AD3d 826 2d Dept (2021) to support his assertion that the heightened risk from elevated portions of the subject bus shelter necessitated the use of specialized equipment which was not provided to him. That case is distinguishable from the instant facts because the *Rivas* plaintiff was struck by bricks that were being thrown down a chute that had been placed in an elevator shaft, from higher floors; a height much more than the 8-foot maximum[9] height of the subject bus shelter., The bricks in *Rivas* descended from multiple floors above the plaintiff, whereas Plaintiff here was hit by a glass pane at ground level and not higher than 8 feet from the ground. As a result, Plaintiff's branch of motion pursuant to Labor Law §241 (6) is denied.

### Defendants Motion is not time barred.

Plaintiff filed his Note of Issue on May 17, 2023[10]. Defendants filed their Cross-Motions on September 6, 2023[11], 112 days after the Note of Issue was filed. CPLR §3212 (a) allows a Cross-Motion to be filed no later than 120 days after the filing of a Note of Issue. 112 days falls within that timeframe, consequently Defendants' cross-motion for summary judgment was not untimely.

---

[6] NYSCEF Doc. # 143 at 14:23-19, 105:14-106:2.

[7] *Id*. At 88:13-21.

[8] NYSCEF doc 150, https://www.nycstreetdesign.info/furniture/bus-stop-shelter.

[9] *Id*.

[10] NYSCEF Doc. #135.

[11] NYSCEF Doc. #137.

[* 3]

All other relief not expressly addressed herein is denied.

This constitutes the Decision and Order of the Court.

Date:   February 13, 2024
        Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

4

[* 4]