Gomez v 670 Merrick Rd. Realty Corp. (2020 NY Slip Op 07549)





Gomez v 670 Merrick Rd. Realty Corp.


2020 NY Slip Op 07549


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-13702
2019-04767
 (Index No. 604719/17)

[*1]Aris Gomez, appellant, 
v
670 Merrick Road Realty Corp., et al., respondents.


The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Borchert & LaSpina, P.C., Whitestone, NY (Gregory M. LaSpina and Gary E. Rosenberg of counsel), for respondent 670 Merrick Road Realty Corp.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent Cappy's Warehouse Wine & Spirits, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered November 2, 2018, and (2) an order of the same court entered March 5, 2019. The order entered November 2, 2018, insofar as appealed from, granted the motion of the defendant Cappy's Warehouse Wine & Spirits, Inc., for summary judgment dismissing the complaint insofar as asserted against it. The order entered March 5, 2019, granted the renewed motion of the defendant 670 Merrick Road Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order entered November 2, 2018, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Cappy's Warehouse Wine & Spirits, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered November 2, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered March 5, 2019, is modified, on the law, by deleting the provision thereof granting that branch of the renewed motion of the defendant 670 Merrick Road Realty Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered March 5, 2019, is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained in an incident that occurred on July 3, 2014. At the time of the incident, the plaintiff was working at a building site owned by the defendant 670 Merrick Road Realty Corp. (hereinafter Merrick Road). The plaintiff was employed by the general contractor for this project, Craig Mitchell Construction, Inc. (hereinafter Craig Mitchell Construction). The project involved the demolition and reconstruction of a portion of a one-story building. Both Merrick Road and the defendant Cappy's Warehouse Wine & Spirits, Inc. (hereinafter Cappy's), entered into a contract with Craig [*2]Mitchell Construction for the performance of the work. That contract was executed by Joseph Viscomi, the sole owner of both Merrick Road and Cappy's. The contract indicated that Viscomi executed the agreement as the "owner" of those entities.
The plaintiff alleges that he was injured while attempting to reposition a cement "slab" that formed part of the ceiling or roof of this one-story building. At his deposition, the plaintiff testified that he stood on a nine-foot A-frame ladder, while two coworkers were positioned on the ceiling or roof. From his position, the plaintiff held one end of a large cement slab as his two coworkers pushed the slab with a crowbar. The plaintiff testified that the slab was approximately 12 feet long. Craig Mitchell, the owner of Craig Mitchell Construction, testified that the slab was approximately six feet long, and weighed approximately 120 pounds. The plaintiff testified that as he was holding or attempting to move the slab, the ladder "moved" and the slab "fell" or dropped onto his hand, causing injuries.
The plaintiff asserted causes of action alleging violations of Labor Law §§ 240(1), 241(6), and 200, and common-law negligence against the defendants. By order entered November 2, 2018, the Supreme Court, inter alia, granted the motion of Cappy's for summary judgment dismissing the complaint insofar as asserted against it. By order entered March 5, 2019, the court granted Merrick Road's renewed motion for summary judgment dismissing the complaint insofar as asserted against it.
The defendants failed to show, prima facie, that this incident did not fall within the ambit of Labor Law § 240(1). Labor Law § 240(1) provides, as relevant: "[a]ll contractors . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). "To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (Viera v WFJ Realty Corp., 140 AD3d 737, 738; see Jara v Costco Wholesale Corp., 178 AD3d 687, 690).
The defendants failed to show, prima facie, that this incident did not involve an injury caused by the failure to provide a safety device to protect against an elevation-related risk, within the meaning of the statute. In particular, the plaintiff's work entailed attempting to move or lift a heavy slab of cement at ceiling or roof level, while standing on a ladder. The plaintiff testified that the ladder "moved" while he was reaching for the slab, causing the slab to fall or drop. The plaintiff alleges, inter alia, that a sling or other device should have been provided to secure the slab. Under these circumstances, the defendants failed to show, prima facie, that this incident did not result from the failure to provide such safety device to protect against an elevation-related risk, and the evidence also raised issues of fact as to that matter (see Carlton v City of New York ,161 AD3d 930, 930-931; Romero v 2200 N. Steel, LLC, 148 AD3d 1066, 1067; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812).
Further, Cappy's failed to show, prima facie, that it cannot be deemed an "owner" within the meaning of Labor Law § 240(1). Under Labor Law §§ 240(1) and 241(6), "those parties with a property interest who hire the general contractor" are deemed "owners" (Frierson v Concourse Plaza Assoc., 189 AD2d 609, 611). "Lessees who hire a contractor and have the right to control the work being done are considered 'owners' within the meaning of the statutes" (Guclu v 900 Eighth Ave. Condo., LLC, 81 AD3d 592, 593).
Here, the record shows, inter alia, that Cappy's entered into a contract with the general contractor for the performance of this work. Given that Cappy's was one of the parties that hired the general contractor, Cappy's did not show, prima facie, that it was not an "owner" of the premises for purposes of Labor Law § 240(1), and the record also raised issues of fact as to that matter (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 618; Bell v Bengomo Realty, Inc., 36 AD3d 479). Therefore, the Supreme Court should not have granted those branches of the [*3]defendants' separate motions which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against each of them.
However, we agree with the Supreme Court's determination that the plaintiff failed to set forth a sufficient statutory predicate for liability under Labor Law § 241(6). In opposition to the defendants' separate motions, the plaintiff relied on two provisions of the Industrial Code, 12 NYCRR §§ 23-1.5(c) and 23-3.3. Section 23-1.5(c) provides, as relevant here, that all "equipment" shall be kept in good repair. Under certain circumstances, 12 NYCRR § 23-1.5(c) has been held to be sufficiently specific to support a Labor Law § 241(6) cause of action (see Perez v 286 Scholes St. Corp., 134 AD3d 1085; Becerra v Promenade Apts. Inc., 126 AD3d 557, 558-559). However, this regulation is not applicable here. Although the plaintiff asserts that the crowbar used for this work is a piece of "equipment," the record contains no evidence showing that the crowbar was defective or not in good repair.
The plaintiff also relies on 12 NYCRR § 23-3.3, which sets forth certain requirements for demolition work, including the requirement of inspections for "weakened or deteriorated floors or walls or from loosened material" (12 NYCRR § 23-3.3[c]). However, this accident "was not caused by structural instability that could have been noticed and addressed by further inspections, but resulted from the planned performance" of the removal or repositioning of the cement slab (Bolster v Eastern Bldg. & Restoration, Inc., 96 AD3d 1123, 1125). Therefore, this provision was inapplicable (see Bolster v Eastern Bldg. & Restoration, Inc., 96 AD3d at 1125 [citation omitted]; see also Smith v New York City Hous. Auth., 71 AD3d 985).
We agree with the Supreme Court's determination directing dismissal of the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505; see Lombardi v Stout, 80 NY2d 290, 295). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d at 62; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508).
The subject incident related to the means and manner of the work, rather than a premises condition (see Poulin v Ultimate Homes, Inc., 166 AD3d at 670; Gillis v Brown, 133 AD3d 1374, 1375-1376; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 606-607). The defendants showed that they did not exercise any supervision over the means and manner of the work. The record showed, inter alia, that the manager of Cappy's visited the site only to pay subcontractors. Viscomi, the owner of both Cappy's and Merrick Road, rarely visited the site. According to Cappy's manager, Craig Mitchell provided all supervision at this site, including matters related to safety. The plaintiff testified that on three occasions, he had seen a person at the site who he believed to be the owner. However, the plaintiff had not ever spoken to that individual, and took all direction from Craig Mitchell. Under these circumstances, the defendants showed, prima facie, that they did not supervise the means and manner of work, and the plaintiff raised no triable issue of fact in opposition to that showing (see Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863; Campanello v Cinquemani, 179 AD3d 763). Therefore, we agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against each of them.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court