Ennis v Noble Constr. Group, LLC (2022 NY Slip Op 04715)

Ennis v Noble Constr. Group, LLC

2022 NY Slip Op 04715

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-12976
 (Index No. 520599/16)

[*1]Ryan Ennis, respondent-appellant, 
v
Noble Construction Group, LLC, et al., appellants-respondents.

Gallo Vitucci Klar LLP, New York, NY (Shanna R. Torgerson and Joseph Rava of counsel), for appellants-respondents.
Slater Sgarlato & Cappello, P.C., Staten Island, NY (Shaun Gregory White of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 2, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(4). The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly sustained personal injuries when, while working at a construction project, he attempted to avoid a fall from a ladder. At the time of the alleged accident, the defendant Atlantic Pacific Development Partners, LLC, owned the property, and the defendant Noble Construction Group, LLC, was the general contractor on the subject project. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). After discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and on so much of the Labor Law § 241(6) cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(4). By order dated October 2, 2019, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause [*2]of action alleging a violation of Labor Law § 241(6) as was predicated on alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(4). The defendants appeal, and the plaintiff cross-appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "[T]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Guaman v 178 Ct. St., LLC, 200 AD3d at 657 [internal quotation marks omitted]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). Labor Law § 240(1) may apply where a plaintiff is injured as a result of his or her attempt to prevent a fall from a ladder (see Lacey v Turner Constr. Co., 275 AD2d 734, 735).
Here, the plaintiff, relying on, inter alia, his deposition testimony, established, prima facie, that Labor Law § 240(1) was violated and that the violation was a proximate cause of his injuries (see Vicuna v Vista Woods, LLC, 168 AD3d 1124, 1125; Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 478-479). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Vingsan L.P., 150 AD3d 1177, 1179). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Rivas-Pichardo v 292 Fifth Ave. Holdings, LLC, 198 AD3d 826, 829 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision "mandating compliance with concrete specifications" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
Here, the Labor Law § 241(6) cause of action was predicated upon, inter alia, alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(4)(ii). 12 NYCRR 23-1.7(d) provides, in pertinent part, that "Employers shall not suffer or permit any employee to use a floor, . . . platform or other elevated working surface which is in a slippery condition. . . . [W]ater . . . and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." 12 NYCRR 23-1.21(b)(4)(ii) provides, in pertinent part, that "[a]ll ladder footings shall be firm. Slippery surfaces . . . shall not be used as ladder footings." The plaintiff established, prima facie, that the wet concrete floor on which his A-frame ladder was placed was a slippery condition within the meaning of 12 NYCRR 23.1.7(d) and a slippery surface within the meaning of 12 NYCRR 23-1.21(b)(4)(ii) and that the defendants violated these provisions (see Melchor v Singh, 90 AD3d 866, 871). In opposition, the defendants failed to raise a triable issue of fact (see Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 862-863; cf. Fonck v City of New York, 198 AD3d 874, 875). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of this cause of action as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b)(4) (see Brown v 43-25 Hunter, L.L.C., 178 AD3d 493; Melchor v Singh, 90 AD3d at 871).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court