Wilson v Bergon Constr. Corp. (2023 NY Slip Op 04616)

Wilson v Bergon Constr. Corp.

2023 NY Slip Op 04616

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-00223
 (Index No. 502183/16)

[*1]William Wilson, appellant-respondent,
v
Bergon Construction Corp., et al., respondents-appellants (and a third party action).

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant-respondent.
Martyn, Martyn, Smith, Murray & Yong, Hauppauge, NY (Michael Argentieri, Laurie M. Lewis, and John McDonnell of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated December 27, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The order, insofar as cross-appealed from, denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.
The plaintiff allegedly sustained personal injuries when, while working on a scaffold at a renovation project, he attempted to avoid a fall after the plank on which he was standing shifted under his feet. At the time of the alleged accident, the defendant Burns-Pearson Realty Corp. owned the property, the defendants Burns Automotive Group, LLC, and Luxury Autos of Huntington, Inc., leased the property, and the defendant Bergon Construction Corp. was the general contractor. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240(1). After discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants cross-moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1). By order dated December 27, 2020, the Supreme Court, inter alia, denied that branch of the plaintiff's motion, granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and denied that branch of the cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals, and the defendants cross-appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704 [internal quotation marks omitted]). "[T]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (id. at 704 [internal quotation marks omitted]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). "Labor Law § 240(1) may apply where a plaintiff is injured as a result of his or her attempt to prevent a fall" from a ladder or scaffold (Ennis v Noble Constr. Group, LLC, 207 AD3d at 704; see Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479; Lacey v Turner Constr. Co., 275 AD2d 734, 735), and the fact that a plaintiff does not actually fall is irrelevant (see Militello v Landsman Dev. Corp., 133 AD3d 1378, 1379; Abreo v URS Greiner Woodward Clyde, 60 AD3d 878, 880), "as long as the 'harm directly flow[ed] from the application of the force of gravity to an object or person'" (Lacey v Turner Constr. Co., 275 AD2d at 735, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; see Vislocky v City of New York, 62 AD3d 785, 786).
Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 240(1) through the submission of the plaintiff's affidavit and a copy of the transcript of his deposition testimony "which demonstrated that the scaffold failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of his injuries" (Carrion v City of New York, 111 AD3d 872, 873; see Ennis v Noble Constr. Group, LLC, 207 AD3d at 705; Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d at 479). In opposition, the defendants failed to raise a triable issue of fact. "They did not offer any evidence, other than mere speculation, to refute the plaintiff['s] showing or to raise a bona fide issue as to how the accident occurred" (Carrion v City of New York, 111 AD3d at 873 [internal quotation marks omitted]; cf. Woszczyna v BJW Assoc., 31 AD3d 754, 755). The defendants' contention that the alleged injuries were only tangentially related to the effects of gravity and/or an elevation-related risk is without merit (see Castronovo v Doe, 274 AD2d 442; see also Ienco v RFD Second Ave., LLC, 41 AD3d 537). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
On their cross-motion, the defendants failed to demonstrate, prima facie, that the alleged accident did not fall within the ambit of Labor Law § 240(1). Consequently, the Supreme Court did not err in denying that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) (see Johnsen v State of New York, 207 AD3d 530, 531; Vislocky v City of New York, 62 AD3d at 786; Abreo v URS Greiner Woodward Clyde, 60 AD3d at 880).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d at 62; see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d at 1191). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62).
Here, the alleged accident related to the means and manner of the work, rather than a premises condition (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d at 1191; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 606-607). The record shows that the property owner and the lessees exercised no supervisory control over the plaintiff's work, and the plaintiff's own deposition testimony demonstrated that the general contractor "had, at most, general supervisory authority over the plaintiff's work, which is insufficient to form a basis for the imposition of [*2]liability" (Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673; see Enriquez v B & D Dev., Inc., 63 AD3d 780, 781). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the general contractor acted as a "gatekeeper with respect to which equipment Plaintiff was able to use to complete the work" is raised for the first time on appeal and therefore unpreserved for appellate review (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292; Raynor v 666 Fifth Ave. Ltd. Partnership, 232 AD2d 226). Accordingly, the Supreme Court properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.
BARROS, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court