# Calvo v Hylan Plaza 1339, LLC

2024 NY Slip Op 31578(U)

May 2, 2024

Supreme Court, Kings County

Docket Number: Index No. 518045/20

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 2nd day of May, 2024.

PRESENT:

HON. INGRID JOSEPH,

Justice.

-------------------------------------------------------------------------X

AMILCAR ZACARIAS CALVO,

Plaintiff,

-against-

Index No.: 518045/20

HYLAN PLAZA 1339, LLC., and HUDSON MERIDIAN CONSTRUCTION GROUP, LLC,

Defendants.

-------------------------------------------------------------------------X

**DECISION & ORDER**

HUDSON MERIDIAN CONSTRUCTION GROUP LLC,

Third-Party Plaintiff,

-against-

BUILDER SERVICES GROUP, INC. d/b/a TRUTEAM COMMERCIAL SERVICES, A TOPBUILD COMPANY,

Third-Party Defendant.

-------------------------------------------------------------------------X

The following e-filed papers read herein:

NYSCEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____       79-81, 96-97, 104
Opposing Affidavits (Affirmations)_____       112, 116, 117-118
Affidavits/ Affirmations in Reply _____       120

Upon the foregoing papers, plaintiff Amilcar Zacarias Calvo (plaintiff) moves for an order, pursuant to CPLR 3212, granting partial summary judgment in his favor with respect to liability on his Labor Law §§ 240 (1) and 241 (6) causes of action as against defendant Hylan Plaza 1339, LLC (Hylan Plaza) and defendant/third-party plaintiff Hudson Meridian

[* 1]

Construction Group, LLC (Hudson Meridian) (collectively referred to as defendants) (motion sequence number 2). Defendants move for an order, pursuant to CPLR 3212, granting summary judgment dismissing the complaint against them (motion sequence number 3).

In this action premised upon common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6), plaintiff alleges that, on July 8, 2020, he suffered injuries while preparing to spray foam fireproofing material onto steel beams located in the ceiling of a commercial building being constructed in Staten Island, New York. The premises at issue was owned by Hylan Plaza,[1] which hired Hudson Meridian as a construction manager/general contractor for a project involving the construction of a strip mall.[2] Hudson Meridian, in turn, subcontracted with third-party defendant Builder Services Group, Inc., d/b/a Truteam Commercial Services, a Topbuild Company (Truteam), to perform spray-on fireproofing work on, among other things, the newly installed steel. Plaintiff was employed by Truteam as a sprayer.

According to plaintiff's deposition testimony, on the date of the accident, Dominic Colavito, a Truteam employee and plaintiff's supervisor, directed him to assemble a baker's scaffold to stand on while he sprayed fireproofing material onto beams in the ceiling of one of the buildings being constructed. Plaintiff asserted that he connected all the hooks holding the platform onto the frame, inspected it, locked the wheels, and then used an A-frame ladder to climb onto the platform, which was six to seven feet above the ground. Once he was on the platform, plaintiff noticed that the platform moved. Plaintiff, as a result, climbed back down the ladder and told Colavito that the platform just moved, but Colavito told plaintiff to continue working, stating, "let's go, let's do this fast" (plaintiff's deposition, at 80, lns 24-25). After plaintiff climbed back onto the scaffold's platform a second time, but before he had brought any of the spray equipment up with him or started working, the platform and scaffold collapsed under him, and plaintiff fell with the scaffold to the floor. Plaintiff also asserted that Colavito had inspected the scaffold after plaintiff constructed it, although its unclear from plaintiff's testimony whether Colavito did so before plaintiff reached the platform on his first and/or second time.

It is well established that the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

---

[1] Hylan Plaza conceded that it owned the premises at issue in its answer.
[2] The deposition testimony of Hudson Meridian's witness and its contract with Hylan Plaza demonstrate that Hudson Meridian acted as the general contractor for the project.

[* 2]

demonstrate the absence of any material issues of fact (*Ayotte v. Gervasio,* 81 NY2d 1062, 1063 [1993], citing *Alvarez v. Prospect Hospital,* 68 NY2d 320, 324 [1986]; *Zapata v. Buitriago,* 107 AD3d 977 [2d Dept 2013]). Once a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. (*Zuckerman v. City of New York,* 49 NY2d 557 [1980]).

Turning first to plaintiff's Labor Law § 240 (1) cause of action, Labor Law § 240 (1) imposes a nondelegable duty upon owners, general contractors, and their agents to provide scaffolding which is "so constructed, placed and operated as to give proper protection" to employees using it. To make a prima facie showing of liability under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of plaintiff's injuries (*see Debennedetto v Chetrit,* 190 AD3d 933, 936 [2d Dept 2021]; *Cruz v Roman Catholic Church of St. Gerard Magella,* 174 AD3d 782, 783 [2d Dept 2019]). The burden then shifts to the defendant to raise a triable issue of fact (*see Bermejo v New York City Health & Hosps. Corp.,* 119 AD3d 500, 502 [2014], *lv dismissed* 24 NY3d 1096 [2015]). A plaintiff's comparative negligence is not a defense to a cause of action under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 286 [2003]; *Rapalo v MJRB Kings Highway Realty, LLC,* 163 AD3d 1023, 1024 [2d Dept 2018]). However, where a plaintiff's actions are the sole proximate cause of his or her injuries, liability under Labor Law § 240 (1) does not attach (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006]; *Rapalo,* 163 AD3d at 1024).

Here, there is no dispute that Hylan Plaza, the owner of the premises, and Hudson Meridian, the general contractor, are entities that may be held liable under Labor Law § 240 (1) (*see Gordan v Eastern Ry. Supply,* 82 NY2d 555, 559-560 [1993]; *Jara v Costco Wholesale Corp.,* 178 AD3d 687, 690 [2d Dept 2019]; *see also McCarthy v Turner Constr., Inc.,* 17 NY3d 369, 374 [2011]; *Pipia v Turner Constr. Co.,* 114 AD3d 424, 427 [1st Dept 2014], *lv dismissed* 24 NY3d 1216 [2015]), that plaintiff's fireproofing work is work that is covered under section 240 (1) (*see Belding v Verizon N.Y., Inc.,* 14 NY3d 751, 752-753 [2010]; *Artoglou v Gene Scappy Realty Corp.,* 57 AD3d 460, 461 [2d Dept 2008]),[3] and that plaintiff, at the time of the

---

[3] This fireproofing work was also ancillary to the larger construction project involving the erection of the buildings (*see Depass v Mercer Sq., LLC,* 219 AD3d 801, 802 [2d Dept 2023]).

3

[* 3]

accident, was working at an elevation for purposes of section 240 (1) (*see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 662 [2d Dept 2015]; *Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 9 [1st Dept 2011]; *Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 867-868 [2d Dept 2005], *abrogated on other grounds Wrighten v ZHN Contr. Corp.*, 32 AD3d 1019 [2d Dept 2006]). Additionally, through his testimony that the scaffold and scaffold platform collapsed and caused him to fall to the ground, plaintiff has demonstrated, prima facie, that the statute was violated and that this violation was a proximate cause of plaintiff's injuries (*see Bialucha v City of New York*, 222 AD3d 511, 511-512 [1st Dept 2023]; *Hernandez v 767 Fifth Partners, LLC*, 199 AD3d 484, 485 [1st Dept 2021]; *Debennedetto*, 190 AD3d at 936; *Cruz*, 174 AD3d at 783; *Caban v Plaza Constr. Corp.*, 153 AD3d 488, 489-490 [2d Dept 2017]).

Contrary to defendants' contentions, the accident reports relating to the subject incident do not demonstrate the existence of a factual issue. In the report prepared for Truteam and dated July 31, 2020, Colavito stated, as is relevant here, that, "Employee was installing a broken scaffold in [the] F building fire pump room. He was on the platform, about 4 feet up to install the safety guard rail and as he went to install the second guard, the scaffold slid down on one side causing him to fall." Colavito also made a similar statement in an accident report prepared by the project's site safety manager. Assuming that Colavito's statements in the reports are admissible (*see Mayorquin v Carriage House Owner's Corp.*, 202 AD3d 541, 541 [1st Dept 2022]; *Buckley v J.A. Jones/GMO*, 38 AD3d 461, 462-463 [1st Dept 2007]),[4] they actually support plaintiff's entitlement to summary judgment since, even though Colavito's description of the accident is not exactly the same as plaintiff's, he states that the scaffold was broken and that it slid down causing plaintiff to fall. On the other hand, Hudson Meridian's accident report does not appear to have any evidentiary value, since Jorge Garcia, Hudson Meridian's general superintendent/project manager, testified at his deposition that he did not witness the accident.[5]

In opposing the motion, defendants also argue that, since plaintiff was the sole person to assemble the scaffold, he must have misassembled the scaffold, and, as such, there are at least

---

[4] Plaintiff relied upon Colavito's statements in his opposition papers and may be deemed to have waived any objection with respect to their admissibility.

[5] The court notes that, in contrast to the statements by Colavito, plaintiff did not rely on Garcia's statement in his papers. In addition, while defendants submitted a copy of Hudson Meridian's accident report and mentioned Garcia's statement contained in it in defendants' initial statement of material facts submitted in support of their motion, they made no argument that Garcia's statement supported their position until their reply papers. Thus, while the accident report may properly be considered before the court, plaintiff cannot be deemed to have waived an objection to the admissibility of the statement.

[* 4]

factual issues as to whether his actions were the sole proximate cause of the accident. The existence of factual issues as to whether a plaintiff was the sole proximate cause of the accident may be shown where a defendant presents evidence that a plaintiff may have created the very condition that caused the scaffold to collapse (*see Elibox v Nehemiah Spring Cr. IV Mixed Income Hous. Dev. Fund Co., Inc.*, 219 AD3d 906, 907 [2d Dept 2023] [evidence that plaintiff removed nails securing the plank on which he stood]; *Berenson v Jericho Water Dist.*, 33 AD3d 574, 576 [2d Dept 2006] [evidence that plaintiff, or workers he supervised, placed an inadequate plank onto scaffold]; *Storms v Dominican Coll. Of Blauvelt*, 308 AD2d 575, 576 [2d Dept 2003] [plaintiff stepped on plank from which he had just removed a bracket]; *Heffernan v Bais Corp.*, 294 AD2d 401, 403 [2d Dept 2002] [plaintiff failed to replace plywood cover over two-by-fours]).

This court, however, rejects defendants' sole proximate cause argument on the facts presented here. Plaintiff, in his own testimony, stated that he had properly attached the hooks for the platform and defendants, in opposition, have only offered their counsel's speculative assertion that plaintiff must be at fault because he assembled the scaffold (*see Campbell v 111 Chelsea Commerce, L.P.*, 80 AD3d 721, 722 [2d Dept 2011]). The fact that plaintiff was responsible for the assembly of the scaffold, however, does not, in and of itself create an issue of fact (*see Debennedetto*, 190 AD3d at 936) and other courts in cases involving identical or related facts, have rejected similar conclusory sole proximate cause arguments (*see Bialucha*, 222 AD3d at 511-512; *Hernandez*, 199 AD3d at 485; *Cruz*, 174 AD3d at 783; *Bermejo*, 119 AD3d at 502). Moreover, in view of plaintiff's uncontradicted testimony that his supervisor inspected his work and directed plaintiff to continue using the scaffold despite being told that it was unsteady, any error in the assembly of the scaffold would, at most, demonstrate comparative fault, which is not a defense to a Labor Law § 240 (1) cause of action (*see Vicki v City of Niagara Falls*, 215 AD3d 1285, 1288 [4th Dept 2023]; *Finocchi v Live Nation Inc.*, 204 AD3d 1432, 1433-1434 [4th Dept 2022]; *Garces v Windsor Plaza, LLC*, 189 AD3d 539, 539 [1st Dept 2020]; *Lojano v Soiefer Bros. Realty Corp.*, 187 AD3d 1160, 1163 [2d Dept 2020]; *DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 46-47 [1st Dept 2014]; *Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879, 880-881 [2d Dept 2006]; *cf. Gamez v New Line Structures & Dev., LLC*, 218 AD3d 446, 448 [2d Dept 2023] [contradictory evidence as to whether plaintiff performing work in a manner directed by supervisors]).

[* 5]

Accordingly, defendants have failed to demonstrate the existence of a factual issue, and plaintiff is thus entitled to partial summary judgment in his favor on the issue of liability with respect to his Labor Law § 240 (1) cause of action.

With respect to plaintiff's Labor Law § 241 (6) cause of action, under that section, an owner, general contractor or their agent may be held vicariously liable for injuries to a plaintiff where the plaintiff establishes that the accident was proximately caused by a violation of an Industrial Code section stating a specific positive command that is applicable to the facts of the case (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349-350 [1998]; *Honeyman v Curiosity Works, Inc.*, 154 AD3d 820, 821 [2d Dept 2017]). Plaintiff, in order to meet his summary judgment burden on a section 241 (6) cause of action, is required to demonstrate: (1) a concrete Industrial Code section applied under the circumstances; (2) the defendants or a contractor or subcontractor within the chain of the project violated that section's specific commands; (3) this violation alone, or considered with other undisputed factual evidence, constitutes negligence; and (4) the violation caused plaintiff's injuries (*see Bazdaric v Almah Partners LLC*, --- NY3d ---, 2024 NY Slip Op 00847, *3 [2024]; *Rizzuto*, 91 NY2d at 351).

Here, in moving, plaintiff relies on Industrial Code (12 NYCRR) §§ 23-5.1 (c) (1) and 23-5.1 (e) (1). While plaintiff first alleged that these sections were violated in his instant motion papers and opposition papers, contrary to defendants' contention, plaintiff's belated allegation that sections 23-5.1 (c) (1) and 23-5.1 (e) (1) were violated is not a bar to their consideration since the claimed violations do not involve any new factual allegations, raise any new theories of liability, or cause prejudice to defendants (*see Simmons v City of New York*, 165 AD3d 725, 729 [2d Dept 2018]; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607 [2d Dept 2013]; *Ross v DD 11th Ave., LLC*, 109 AD3d 604, 606 [2d Dept 2013]).

With respect to section 23-5.1 (c) (1), that section provides that, "[e]xcept where otherwise specifically provided in this Subpart, all scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use. (See Labor Law, § 240, subdivision 3.) Such maximum weight shall be construed to mean the sum of both dead and live loads." The Appellate Division, Second Department has found that section 23-5.1 (c) (1) is sufficiently specific to state a section 241 (6) violation (*see Debennedetto*, 190 AD3d at 936; *Treu v Cappelletti*, 71 AD3d 994, 998 [2d Dept 2010]). In addition, based on the fact that the scaffold failed to support even plaintiff's weight and

[* 6]

collapsed for some unexplained reason, plaintiff has demonstrated, prima facie, that the scaffold was unable to "bear four times the maximum weight . . . [to be] placed thereon when in use" as is required by section 23-5.1 (c) (1), that Truteam violated the statute's specific commands, and that the scaffolds collapse was a proximate cause of his injuries (*see Bazdaric*, 2024 NY Slip Op 00847, *3-5; *Kristo v Board of Educ. of the City of N.Y.*, 134 AD3d 550, 551 [1st Dept 2015]; *Faria v CLS Project Solutions Inc.*, 69 Misc 3d 1222 [A], 2020 NY Slip Op 51464[U], *2-3 [Sup Ct, Queens County 2020]). Contrary to defendants' contentions, Colavito's statements do not demonstrate an issue of fact. Colavito's statements support plaintiff's contentions. In fact, Colavito's statement that plaintiff was atop the platform installing the second guardrail demonstrates that plaintiff had finished assembling the rest of the scaffold, and Colavito's statement that the scaffold slid down while plaintiff was on it, demonstrates that the scaffold was unable to support plaintiff's weight - let alone four times the maximum weight. Plaintiff is thus entitled to partial summary judgment on his Labor Law § 241 (6) cause of action to the extent that it is premised on section 23-5.1 (c) (1).

Regarding Industrial Code (12 NYCRR) § 23-5.1 (e) (1), which requires, among other things, that scaffold planks "be laid tight," plaintiff's testimony and Colavito's statements do not eliminate factual issues as to whether the collapse or slipping of the scaffold was related to a failure to lay planks tight. Indeed, the record is not clear if the scaffold platform, which plaintiff described as being made up of wood and metal, constituted planking within the meaning of section 23-5.1 (e) (1). Defendants, on the other hand, have not pointed to evidence demonstrating that section 23-5.1 (e) (1) was inapplicable or that the accident was not proximately caused by a violation of that section (*see Debennedetto*, 190 AD3d at 936; *Klimowicz*, 111 AD3d at 607; *Treu*, 71 AD3d at 998). Accordingly, both plaintiff and defendants have failed to demonstrate the absence of factual issues with respect to a violation of section 23-5.1 (e) (1), and each of their motions with respect to that section must thus be denied.

On the other hand, defendants have demonstrated, prima facie, that Industrial Code (12 NYCRR) §§ 23-1.2 (b); 23-1.5 (a); 23-1.7 (a); 23-1.7 (b); 23-1.32; 23-3.1; 23-3.2; 23-3.3; 23-4.1; 23-4.2; 23-4.4, the Industrial Code sections identified by plaintiff in his bill of particulars, do not state specific standards or are inapplicable to the facts here. Since plaintiff has abandoned reliance on those sections by failing to address them in his motion and opposition papers, defendants are entitled to dismissal of the section 241 (6) cause of action to the extent that it is

[* 7]

premised on those sections (*see Debennedetto*, 190 AD3d at 936; *Pita v Roosevelt Union Free Sch. Dist.*, 156 AD3d 833, 835 [2d Dept 2017]).

Finally, defendants, who have submitted evidence showing that the accident was not caused by a dangerous property condition (*see Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 652-653 [2d Dept 2014]; *Ortega v Puccia*, 57 AD3d 54, 61-63 [2d Dept 2008]) and that they did not exercise more than general supervision and control over the injury producing work (*see Wilson v Bergon Constr. Corp.*, 219 AD3d 1380, 1383 [2d Dept 2023]; *Kefaloukis v Mayer*, 197 AD3d 470, 471 [2d Dept 2021]; *Lopez v Edge 11211, LLC*, 150 AD3d 1214, 1215-1216 [2d Dept 2017]), have demonstrated their prima facie entitlement to summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 causes of action. Since counsel for plaintiff, in the affirmation in opposition to defendants' motion, concedes that the facts in this case do not support either a cognizable common-law negligence or section 200 claim, defendants are entitled to dismissal of those causes of action.

Accordingly, it is hereby

ORDERED, that Plaintiff's motion (motion sequence number 2) is granted with respect to his Labor Law § 240 (1) cause of action and with respect to his Labor Law § 241 (6) cause of action to the extent that it is premised on Industrial Code (12 NYCRR) § 23-5.1 (c) (1). Plaintiff's motion is otherwise denied; and it is further

ORDERED, that Defendants' motion (motion sequence number 3) is granted to the extent that plaintiff's common-law negligence and Labor Law § 200 causes of action are dismissed and to the extent that plaintiff's Labor Law § 241 (6) cause of action is dismissed with respect to Industrial Code (12 NYCRR) §§ 23-1.2 (b); 23-1.5 (a); 23-1.7 (a); 23-1.7 (b); 23-1.32; 23-3.1; 23-3.2; 23-3.3; 23-4.1; 23-4.2; 23-4.4. Defendants' motion is otherwise denied.

This constitutes the decision and order of the court.

ENTER

HON. INGRID JOSEPH, J.S.C.
Hon. Ingrid Joseph
Supreme Court Justice