Pisculli v Tew (2025 NY Slip Op 02947)

Pisculli v Tew

2025 NY Slip Op 02947

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-06918
 (Index No. 605897/15)

[*1]Louis Pisculli, appellant-respondent, 
v
Joann M. Tew, etc., et al., respondents-appellants.

Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant-respondent.
Cascone & Kluepfel, LLP, Farmingdale, NY (Beth L. Rogoff-Gribbins and Ajay Bhavnani of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated August 12, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging common-law negligence as was premised upon the defendants' alleged failure to provide the plaintiff with a hard hat. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging common-law negligence as was premised upon the defendants' vicarious liability for the alleged negligent acts of a nonparty.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, asserting causes of action, inter alia, alleging common-law negligence and a violation of Labor Law § 200. The plaintiff alleged that, while in the course of his employment with A-H Construction, Inc. (hereinafter A-H), as a machine operator in January 2015, he sustained injuries at the defendants' facility. The defendants had contracted with A-H to rent a concrete crusher and to utilize the plaintiff's services to operate it. According to the plaintiff, the accident occurred when the bucket of an excavator operated by David Hartmann struck him in the head. The plaintiff asserted, among other things, that the defendants were vicariously liable for Hartmann's alleged negligence and that they were themselves negligent for failing to provide him with a hard hat to perform his work.
In January 2022, the defendants moved, inter alia, for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The defendants argued, among other things, that the plaintiff's accident did not involve Hartmann striking him with the excavator bucket and that, in any event, they could not be held liable for failing to provide him with a hard hat because they did not supervise or control the means or methods of his work. The plaintiff opposed the motion. In an order dated August 12, 2022, the Supreme Court, [*2]inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging common-law negligence as was premised upon the defendants' alleged failure to provide the plaintiff with a hard hat. The court, however, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the common-law negligence cause of action as was premised upon the defendants' vicarious liability for the alleged negligent acts of Hartmann. The plaintiff appeals, and the defendants cross-appeal.
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors . . . and their agents to provide workers with a safe place to work" (Argueta v City of New York, 223 AD3d 862, 864 [alteration and internal quotation marks omitted]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). "Underlying both standards is the authority of the defendant to rectify any dangerous or defective condition existing on the premises or to remedy any unsafe method or manner of work" (Messina v City of New York, 147 AD3d 748, 749). "When the methods or materials of the work are at issue, recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (Kauffman v Turner Constr. Co., 195 AD3d 1003, 1006 [internal quotation marks omitted]). "General supervisory authority at a work site, the right to stop a contractor's work if a safety violation is observed, or the authority to ensure compliance with safety regulations or the terms of a contract is insufficient to impose liability under Labor Law § 200" (Messina v City of New York, 147 AD3d at 749). Instead, "[a] defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1383 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the subject accident was caused by the means and methods of the work and that they did not possess the authority to supervise and control the means and methods of the plaintiff's work at the time of the accident (see Argueta v City of New York, 223 AD3d at 864; Wilson v Bergon Constr. Corp., 219 AD3d at 1383; Saitta v Marsah Props., LLC, 211 AD3d 1062, 1064). In opposition, the plaintiff failed to raise a triable issue of fact (see Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 879). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 and so much of the cause of action alleging common-law negligence as was premised upon the defendants' alleged failure to provide the plaintiff with a hard hat.
However, contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing so much of the common-law negligence cause of action as was premised upon the defendants' vicarious liability for the alleged negligent acts of Hartmann. Before the court, the defendants accepted, for purposes of their motion, that Hartmann was either a special employee or an agent of the defendant Robert's Asphalt Company. Nevertheless, the defendants argued that the evidence demonstrated that Hartmann did not strike the plaintiff with the excavator bucket, as the accident instead occurred when the plaintiff purportedly hit himself in the head with a pry bar, and that the plaintiff merely speculated that he was struck by the excavator bucket. However, the defendants' submissions in support of their motion failed to eliminate triable issues of fact as to the manner in which the accident occurred, including whether it occurred in the manner described by the plaintiff or in the manner described by the defendants' witnesses (see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d 1122, 1124; Greene v Peets, 217 AD3d 927, 929; Loretta v Split Dev. Corp., 168 AD3d 823, 825).
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court